IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WANDA JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:09-CV-629-WKW [WO] |
| ) | |
| KEVIN F. WIDMER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This automobile-accident case was removed from the Circuit Court of Macon County, Alabama, on July 7, 2009, by Defendants Kevin F. Widmer, a North Dakota citizen, and E.W. Wylie Corporation ("Wylie Corp."), a North Dakota corporation (the "North Dakota Defendants"). (Doc. # 1-1.) The North Dakota Defendants argue that removal is proper because Plaintiff Wanda Jenkins fraudulently joined Macon County and the Macon County Commission ("Macon County") to destroy complete diversity. Before the court is Ms. Jenkins's Motion to Remand. (Doc. # 7.) The matter is fully briefed (Docs. # 15-18), and the court finds that the Motion to Remand is due to be granted.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 19, 2008, Ms. Jenkins was driving on County Road 22 ("CR-22") in Macon County. Mr. Widmer was driving a tractor-trailer owned by Wylie Corp. along U.S. Highway 80 ("US-80"). Ms. Jenkins's vehicle collided with Mr. Widmer's truck at or near the intersection of CR-22 and US-80. Ms. Jenkins, an Alabama citizen, filed a complaint

in the Circuit Court of Macon County against Mr. Widmer and Wylie Corp., both North Dakota citizens; Titan Indemnity Company, a foreign corporation; Macon County; the Macon County Commission; and numerous fictitious defendants.[1]

The Complaint alleges that Macon County negligently, recklessly, and wantonly failed to maintain CR-22; failed to correct a known defect with the roadway; and negligently hired, trained, and supervised its employees charged with maintaining CR-22. The North Dakota Defendants filed a Notice of Removal (Doc. # 1-1), and Ms. Jenkins filed a Motion to Remand. (Doc. # 7.) After the North Dakota Defendants responded to Ms. Jenkins's Motion to Remand, Macon County's response admitted that a Macon County employee installed the stop sign on CR-22 at the intersection of CR-22 and US-80, and that, eight months before the accident, a county employee installed a device called "a three button delineator" on the signpost below the stop sign. (Doc. # 17.)

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "[R]emoval statutes are construed narrowly; where [the parties] clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095; *Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270, 1274 (M.D. Ala. 2001). Removal is proper

---

[1] For purposes of removal, the court does not consider the citizenship of fictitious defendants in assessing complete diversity. *See* 28 U.S.C. § 1441(a); *Davis v. Gen. Motors Corp.*, 353 F. Supp. 2d 1203, 1205 n.3 (M.D. Ala. 2005).

2

if a federal court would have had original jurisdiction over the initial action. 28 U.S.C. § 1441(a); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The removing defendant has the burden of establishing the existence of federal jurisdiction. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). With respect to diversity jurisdiction, a federal court has original jurisdiction over an action where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

When a defendant removes a case based on allegations of fraudulent joinder, the defendant's burden is a "heavy one," and the court must evaluate all factual issues as well as resolve any uncertainties about substantive state law in favor of the plaintiff. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *Nabors v. Transouth Fin. Corp.*, 928 F. Supp. 1085, 1089 (M.D. Ala. 1996) (remanding a case where it was unclear whether a cause of action existed under Alabama law). Where a defendant shows that "there is no possibility the plaintiff can establish a cause of action against the resident defendant," the plaintiff is said to have fraudulently joined the non-diverse defendant. *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). In such a situation, the federal court must dismiss the non-diverse defendant. *See Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007). Although when assessing fraudulent joinder courts may consider, in addition to the plaintiff's pleadings, affidavits and deposition transcripts submitted by either party, *Legg*

*v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005), "the jurisdictional inquiry must not subsume substantive determination," *Crowe*, 113 F.3d at 1538 (internal quotation marks and citation omitted).

### III. DISCUSSION

Despite the lack of complete diversity necessary for removal pursuant to Section 1332, the North Dakota Defendants argue that Macon County's nondiverse citizenship should be ignored for removal purposes because Ms. Jenkins fraudulently joined Macon County to destroy complete diversity and prevent removal.[2] The North Dakota Defendants claim that there is no possibility that Ms. Jenkins can prove any cause of action against Macon County because Macon County's responses to Ms. Jenkins's first interrogatories show that the Alabama Department of Transportation ("ALDOT"), and not Macon County, was in exclusive control of and responsible for maintaining the roadway in question. Because ALDOT was in exclusive control of the roadway where the accident occurred, the North Dakota Defendants argue that Macon County did not have any duty to keep the roadway where the accident occurred in a reasonably safe condition or to remedy any defects on receipt of notice of those defects. *See Harris v. Macon County*, 579 So. 2d 1295,

---

[2] Ms. Jenkins argues that the removal was not timely because it should have been removed by June 13, 2009, thirty days after Wylie Corp. was served with the complaint. The North Dakota Defendants assert that their notice of removal is timely because it was submitted within thirty days of the receipt of other papers from which they first ascertained that the case was removable. *See* 28 U.S.C. § 1446(b). Additionally, the North Dakota Defendants argue that despite Ms. Jenkins's pleading unspecified damages, the amount-in-controversy requirement is satisfied. However, the court need not decide the timeliness and amount-in-controversy issues because it ultimately finds a lack of complete diversity, which alone defeats diversity jurisdiction.

1297 (Ala. 1991); *Perry v. Mobile County*, 533 So. 2d 602, 604 (Ala. 1988). Ms. Jenkins argues that this case should be remanded because Macon County was not fraudulently joined and complete diversity is lacking.

"Fraudulent joinder" is a legal term of art, reflecting not the integrity of the parties in bringing the action, but rather the viability of the theories against the nondiverse defendant. *See, e.g.*, *Parks v. N.Y. Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962).[3] The removing party alleging fraudulent joinder has the burden of demonstrating that one of the following circumstances exists: (1) there is no possibility the plaintiff can prove a cause of action against the nondiverse defendant; (2) there is outright fraud in the plaintiff's pleading of jurisdictional facts; or (3) "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and . . . the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287; *see also Henderson*, 454 F.3d at 1281. The North Dakota Defendants submit a theory of fraudulent joinder under the first *Triggs* prong only: that there is no possibility that Ms. Jenkins can prove a cause of action against Macon County.

The North Dakota Defendants' reasons for removal are focused on issues, such as scope of responsibility, which would require consideration of the underlying merits of the Ms. Jenkins's claims. While brief and vague answers to Ms. Jenkins's interrogatories – for

---

[3] The Eleventh Circuit has adopted all prior decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, as binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

5

example, "See ALDOT," (Doc. # 1-1, Ex. 4) – may raise a question of fact as to who has a duty to maintain the roadway, they do not demonstrate that there is no possibility that Ms. Jenkins can prove a cause of action against Macon County.  The state cases, such as *Harris* and *Perry*, the North Dakota Defendants cite for the proposition that Ms. Jenkins cannot prove a cause of action against Macon County are distinguishable from this case.  Neither case was decided in the context of a motion to remand for fraudulent joinder, but rather as decisions on the merits, on motions for summary judgment after a complete record had been established.  Neither case alleged that the accident was caused in whole or in part by the county road itself, but focused instead on the intersections of county roads and state highways.

In Alabama, "[e]very county is a body corporate, with power to sue or be sued in any court of record." Ala. Code § 11-1-2 (1975). Counties and county commissions in Alabama are subject to tort liability for claims concerning the maintenance of county roads.  *See Macon County Comm'n v. Sanders*, 555 So. 2d 1054, 1057 (Ala. 1990); *Jefferson County v. Sulzby*, 468 So. 2d 112, 114 (Ala. 1985).  County commissions are charged with a "general superintendence of public roads . . . within their respective counties." Ala. Code § 23-1-80 (1975).  Ms. Jenkins was traveling on CR-22, a road within Macon County. Hazardous conditions are alleged to have existed along that roadway, not just at the intersection of CR-22 and US-80, and Ms. Jenkins argues Macon County failed to remedy those hazardous conditions.  Additionally, Ms. Jenkins points to a letter from ALDOT dated

November 25, 2008, indicating that Macon County assumed maintenance of CR-22 from County Road 24 to US-80 (Doc. # 7, Ex. E), to demonstrate that Macon County had a duty to maintain CR-22. Although the court expresses no opinion as to whether Macon County did have a duty to maintain the roadway, the probability that Macon County would be found liable is not so small as to make joinder fraudulent as a matter of law.

Even if Macon County did not have a duty to maintain CR-22, it may have had a duty to act with due care. When a party voluntarily acts, it is charged with a duty of acting with due care. *Dailey v. City of Birmingham*, 378 So. 2d 728, 729 (Ala. 1979); *Herston v. Whitesell*, 374 So. 2d 267, 270 (Ala. 1979); *McGaha v. Steadman*, 410 So. 2d 420, 421 (Ala. Civ. App. 1981). The fact that Macon County's employee installed a stop sign at the intersection of CR-22 and US-80 (*see* Doc. # 18) may be sufficient to give rise to a duty to act with due care in installing the stop sign. Because the court must evaluate all factual issues as well as resolve any uncertainties about substantive state law in favor of Ms. Jenkins, it is at least possible that she has stated a valid cause of action against Macon County. Accordingly, for the foregoing reasons, the Motion to Remand is due to be granted.[4]

---

[4] Ms. Jenkins's Motion to Remand includes a request for an award of costs and attorney's fees, pursuant to 28 U.S.C. § 1447(c). Having reviewed the record as a whole, the court does not find that the North Dakota Defendants "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The request for costs and fees is therefore denied.

## IV.  CONCLUSION

The court finds no fraudulent joinder in Ms. Jenkins's naming Macon County as a co-defendant.  Absent fraudulent joinder, complete diversity does not exist.  The court does not have subject matter jurisdiction, and remand is required.  Accordingly, it is ORDERED that:

1. Ms. Jenkins's Motion to Remand (Doc. # 7) is GRANTED;

2. This case is REMANDED to the Circuit Court of Macon County, Alabama;

3. The Clerk is DIRECTED to take appropriate steps to effect the remand; and

4. Ms. Jenkins's request for costs and fees is DENIED.

DONE this 20th day of October, 2009.

                                                  /s/  W.  Keith Watkins
                                       UNITED STATES DISTRICT JUDGE